IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TEENA MARIE LE,

        Plaintiff,

  v.

SUNLAN CORPORATION, et al.,

        Defendants.
_____/

No. C 13-00707 CRB

**ORDER GRANTING DEFENDANTS' SPECIAL MOTION TO STRIKE**

    Following a state court collection action against her, Plaintiff Teena Marie Le brings a malicious prosecution claim against Defendants, as well as claims under the Fair Debt Collection Practices Act ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and California Finance Lender Law. See generally Compl. (dkt. 1). Defendants move to strike two of Le's claims pursuant to California's anti-SLAPP statute, Cal. Code Civ. P. § 425.16, which permits early dismissal of meritless claims filed to interfere with defendants' constitutional rights of petition and freedom of speech. See generally Mot. Strike (dkt. 20). In addition to opposing the motion, Le moves for a "sufficient opportunity to conduct discovery or otherwise obtain and present facts essential to justify her opposition" under Federal Rule of Civil Procedure 56(d). Mot. Disc. at 1 (dkt. 31). Upon consideration of the motions, the oppositions thereto, and the arguments of

counsel at a hearing, the Court GRANTS Defendants' motion to strike and DENIES Le's motion for discovery.

## I. BACKGROUND

This case stems from a $2,600 loan Plaintiff obtained from an entity called CashCall, Inc. After Plaintiff stopped making payments, and CashCall was unable to collect her debt, CashCall sold the debt at a loss to defendant Sunlan Corporation ("Sunlan Corp."). Sunlan Corp. then assigned the debt to its affiliate, defendant Sunlan-062804, LLC ("Sunlan LLC"), who filed a state court collection action against Plaintiff, represented by defendants Kenneth John Miele and the Law Office of Kenosian & Miele, LLP.[1] Although default was entered, the parties later stipulated to vacate the entry of default. Before Plaintiff answered, Sunlan LLC voluntarily dismissed the case without prejudice. Compl. ¶ 37.

Defendants move to strike Plaintiff's RFDCPA and malicious prosecution claims from the Complaint, arguing that this is a "SLAPP" suit—a Strategic Lawsuit Against Public Participation—and these two claims arise out of Defendants' protected activity of filing suit against Plaintiff. See Cal. Code Civ. P. § 425.16(b)(1). Plaintiff urges the Court to deny Defendants' motion because (1) it is untimely under Federal Rule of Civil Procedure 12(f)(2); (2) the anti-SLAPP statute does not apply in federal court; and (3) Plaintiff has a reasonable probability of prevailing on her RFDCPA and malicious prosecution claims. Plaintiff's arguments are not persuasive.

## II. LEGAL STANDARD

California's anti-SLAPP statute "is designed to discourage suits that 'masquerade as ordinary lawsuits but are brought to deter common citizens from exercising their political or legal rights or to punish them for doing so.'" In re NCAA Student-Athlete Name & Likeness Licensing Litig., 724 F.3d 1268, 1272 (9th Cir. 2013) ("NCAA Student-Athlete Litig.") (quoting Batzel v. Smith, 333 F.3d 1018, 1024 (9th Cir. 2003). The anti-SLAPP statute sets forth a procedure by which defendants can move to strike SLAPP claims:

---

[1] The Court refers to Sunlan Corp., Sunlan LLC, Sunlan employee Lee Joseph Ross, Kenneth John Miele, and the Law Office of Kenosian & Miele, LLP, collectively as "Defendants."

2

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that there is a probability that the plaintiff will prevail on the claim.

Cal. Code Civ. P. § 425.16(b)(1).

When deciding a motion to strike pursuant to the anti-SLAPP statute, the court engages in a two-step analysis. First, "defendant bears the burden to show that the statute applies because the lawsuit arises from defendant's act in furtherance of its right of petition or free speech." Doe v. Gangland Prods., Inc., 11-56325, — F.3d —, 2013 WL 5066826 (9th Cir. Sept. 16, 2013) (citing Marijanovic v. Gray, York & Duffy, 137 Cal. App. 4th 1262, 1270 (2006)).[2]

If the defendant makes that showing, the court then considers whether the plaintiff has demonstrated "a reasonable probability" of prevailing on the merits of her claims. NCAA Student-Athlete Litig., 724 F.3d at 1273 (quoting Batzel, 333 F.3d at 1024). The Ninth Circuit has characterized the standard to withstand an anti-SLAPP motion as "a low bar": "plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." Roberts v. McAfee, Inc., 660 F.3d 1156, 1163 (9th Cir. 2011) (quoting Manufactured Home Cmties., Inc. v. Cnty. of San Diego, 655 F.3d 1171, 1176–77 (9th Cir. 2011)). Although "the court does not weigh the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law,

---

[2] Such acts include:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

§ 425.16(e); see also Greater LA Agency on Deafness v. Cable News Network, Inc., 862 F. Supp. 2d 1021, 1024-25 (N.D. Cal. 2012).

3

the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim." Id.

## III. DISCUSSION

### A. Defendants' Motion Is Timely And Appropriately Made In This Court

Plaintiff argues that Defendants' motion is untimely under Federal Rule of Civil Procedure 12(f)(2) because it was filed after their answer. See Fed. R. Civ. P. 12(f)(2) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."). In Defendants' view, the motion was timely filed under the anti-SLAPP statute, which provides that the motion to strike "may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper." Cal. Civ. Proc. Code § 425.16(f).

The Court agrees with Defendants that § 425.16(f), not Rule 12(f)(2), governs the timeliness of an anti-SLAPP motion in the district court. See Phoenix Trading, Inc. v. Loops LLC, 11-36053, — F.3d —, 2013 WL 5495695, at *4 (9th Cir. Oct. 4, 2013) (evaluating timeliness under language of anti-SLAPP statute); Hampton-Stein v. Aviation Fin. Grp., LLC, 472 Fed. Appx. 455, 457 (9th Cir. 2012) (district court did not abuse its discretion in finding suit timely within the anti-SLAPP statute's 60-day time limit because "the language of § 425.16(f) . . . plainly allows a district judge to determine when a motion is timely filed."). Defendants timely filed their motion within 60 days of the being served with the Complaint.

Plaintiff's assertion that the anti-SLAPP statute does not apply in federal court fares no better. The Ninth Circuit has "long held that the anti-SLAPP statute applies to state law claims that federal courts hear pursuant to their diversity jurisdiction." Hilton v. Hallmark Cards, 599 F.3d 894, 900 n.2 (9th Cir. 2010) (citing United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 970-73 (9th Cir. 1999)); see also NCAA

Student-Athlete Litig., 724 F.3d at 1272 (citing Thomas v. Fry's Elecs., Inc., 400 F.3d 1206 (9th Cir. 2005) (per curiam)).

In sum, Defendants' motion is appropriately before the Court.

### B.  Plaintiff Does Not Have A Probability Of Prevailing On These Claims

Plaintiff does not dispute that Defendants engaged in protected activity by filing the state court collection action against her. Accordingly, the Court proceeds to step two of the anti-SLAPP analysis to consider whether there is a reasonable probability that Plaintiff will prevail on the two claims Defendants move to strike. The Court finds that there is not.

#### 1.  RFDCPA Claim

Plaintiff alleges Defendants violated the RFDCPA by filing a suit to collect a debt it knew to be unenforceable. The debt was unenforceable, in her view, because (1) CashCall violated California Financial Code § 22340[3] by selling her debt to Sunlan Corp., and (2) this willful violation of § 22340 rendered the loan void and uncollectable under § 22750(b).[4] Because Defendants attempted to collect a void and uncollectable loan from Plaintiff, she alleges, their conduct contravened the RFDCPA, Cal. Civ. Code § 1788 et seq.[5]

Defendants take the position that § 22340 has nothing to do with the debt or the conduct at issue. Instead, they contend, the section applies only to loans secured by real

---

[3]  Section 22340(a) provides that

> A licensee may sell promissory notes evidencing the obligation to repay loans made by the licensee pursuant to this division or evidencing the obligation to repay loans purchased from and made by another licensee pursuant to this division to institutional investors, and may make agreements with institutional investors for the collection of payments or the performance of services with respect to those notes.

Cal. Fin. Code § 22340.

[4]  "If any provision of this division is willfully violated in the making or collection of a loan, the contract of loan is void, and no person has any right to collect or receive any principal, charges, or recompense in connection with the transaction." Cal. Fin. Code § 22750(b).

[5]  Plaintiff sets forth seven alleged violations of the RFDCPA. See Complaint ¶ 78; Opp'n at 19-20. In sum, Plaintiff claims that Defendants made misrepresentations in attempting to collect Plaintiff's debt and was aware that the debt could not lawfully be collected.

5

1 estate and does not restrict any conduct. Rather, § 22340 permits finance companies without
2 real estate broker licenses to sell real estate backed loans to institutional investors. As
3 Defendants detail with legislative history,[6] the section was passed specifically to clarify that
4 this conduct was permitted.

5       The Court agrees that § 22340 merely gave licensees under the Financial Lender Law
6 express authority to sell real-estate secured loans without being licensed real estate brokers.
7 In addition to the legislative history of § 22340, a provision of the California Code of
8 Regulations appears to indicate quite clearly that § 22340 applies only to real-estate secured
9 loans. See 10 Cal. Code Regs. tit. 10, § 1460. Section 1460 titled, " Real Estate Secured
10 Loans: Sale to Institutional Investors," provides, in relevant part: "Loans made by a finance
11 company under Financial Code sections 22340 and 22600 shall meet all of the following
12 requirements: . . . (b) The finance company shall be the lender or creditor on the promissory
13 note and the beneficiary on the deed of trust securing the loan. . . ." § 1460 (emphasis added).
14 Both the regulation's title and its description of a § 22340 loan being secured by a deed of
15 trust lend additional support for the proposition that § 22340 applies strictly to real estate
16 backed loans.

17       Plaintiff offers no authority for her strained interpretation that § 22340 not only
18 applies to Defendants, but that they violated it willfully and that the violation supports an
19 RFDCPA claim. Even if that section prohibits any conduct—an interpretation that is not
20 supported by the plain language—it simply does not apply to Plaintiff's loan, which was not

---

[6] For example, the sponsor of the bill that ultimately became § 23400 explained to then-Governor Deukmejian that "[i]n accordance with the finance companies' exemption from the Real Estate Law, this authority eliminates the possibility that they could be required to be licensed and regulated as real estate brokers when selling or servicing real estate loans they have made." Letter from Assembly Calderon to Governor Deukmejian, dated July 2, 1985 (dkt. 25-6); see also Dep't of Corps. Enrolled Bill Rpt., July 19, 1995 (dkt. 25-7) ("AB 1293 will remove the unnecessary and burdensome requirement on a licensed California Finance Lender of obtaining a real estate brokers license under the Real Estate Law solely for the purpose of transferring loans secured by real property in order to sell asset-backed securities.").

backed by real estate. Because Plaintiff's RFDCPA claim hinges on Defendants' violation of § 23400, Plaintiff cannot demonstrate a reasonable probability of prevailing.

### 2. Malicious Prosecution

To establish a malicious prosecution claim, Plaintiff must show that Defendants' state court collection action "(1) was commenced by or at the direction of the defendant and was pursued to a legal termination favorable to the plaintiff; (2) was brought without probable cause; and (3) was initiated with malice." Kaufman v. Capital Quest, Inc., C-11-1301 JCS, 2011 WL 5864159 (N.D. Cal. Nov. 22, 2011) (quoting Soukup v. Law Offices of Herbert Hafif, 39 Cal. 4th 260, 292 (2006)). Plaintiff asserts that she would be able to substantiate these elements if given a reasonable opportunity for discovery.

#### a. Favorable Termination

The first question is whether Defendants' voluntary dismissal of the state court collection action without prejudice constitutes "a legal termination favorable to" Plaintiff. To satisfy this element, "the termination must reflect on the merits of the action and of the plaintiff's innocence of the misconduct alleged in the lawsuit." McCubbrey v. Veninga, 39 F.3d 1054, 1055 (9th Cir. 1994); see also JSJ Ltd. P'ship v. Mehrban, 205 Cal. App. 4th 1512, 1523-24 (2012). "On the other hand, a resolution of the underlying litigation that leaves some doubt as to the defendant's innocence or liability is not a favorable termination, and bars that party from bringing a malicious prosecution action against the underlying plaintiff." Villa v. Cole, 4 Cal. App. 4th 1327, 1335 (1992); see also Pasternak v. Trans Union, C07-04980 MJJ, 2008 WL 928840, at *6 (N.D. Cal. Apr. 3, 2008) ("[I]f the termination does not relate to the merits and reflects on neither innocence nor responsibility for the alleged misconduct, the termination is not favorable in the sense that it would support a subsequent action for malicious prosecution.").

The fact that Defendants voluntarily dismissed their suit is not a sufficient reason for the Court to find that the suit had "a legal termination favorable to Plaintiff." See Garrison v. Baker, 208 F.3d 221 (9th Cir. 2000) ("'A voluntary dismissal may be an implicit concession

7

that the dismissing party cannot successfully maintain the action.' Alone, however, it is not enough to establish a termination on the merits.") (quoting Eells v. Rosenblum, 36 Cal. App. 4th 1848, 1855). The dismissal does not necessarily reflect the merits of the action or Plaintiff's liability for the debt they sought to collect.

Presented with a malicious prosecution claim on similar facts in an anti-SLAPP context, a district court held that defendants' voluntary dismissal of a collection was not a termination favorable to plaintiff:

> The record merely shows that defendants dismissed the collection action without prejudice after Ms. Carr propounded discovery. Standing alone, such dismissal fails to demonstrate Ms. Carr's innocence. Ms. Carr does not deny that she owes or owed the credit card debt. She merely suggests it was discharged. Although Ms. Carr argues that dismissal of the collection actions supports her innocence, see MacDonald v. Joslyn, 275 Cal. App. 2d 282, 289 (1969), she points to neither evidence nor proposed discovery that demonstrates her innocence. The favorable termination factor weighs in defendants' favor. Ms. Carr's points whether she received proper debt collection notice and representations as to purported debt collection fail to address her innocence.

Carr v. Asset Acceptance, LLC, CV F 11-0890 LJO GSA, 2011 WL 3568338, at *7 (E.D. Cal. Aug. 12, 2011).

Similarly, these Defendants voluntarily dismissed their collection action without prejudice after the parties stipulated to vacate the entry of default. Defendants represent that they made "a legitimate business decision" to abandon the suit "to avoid the expense of litigation weighed against the likelihood of discovery." Mot. Strike at 2. Given that Defendants dismissed soon after the entry of default was vacated and before Plaintiff filed an answer, it seems likely that Defendants had hoped to obtain default judgment and reconsidered pursuing the action after learning of Plaintiff's intent to participate. Because, at that point, prevailing on their claim would have required time and effort, they apparently opted to dismiss without prejudice. As such, Defendants' dismissal does not necessarily indicate their view that they had a faulty claim or that Plaintiff was likely to prevail on the merits; it could simply indicate their view the path to judgment would require more effort than anticipated, and that the judgment was not worth the effort.

Significantly, Plaintiff, like Carr, does not deny responsibility for the debt. In this respect, both this case and Carr, are distinguishable from MacDonald v. Joslyn, 275 Cal. App. 2d 282 (1969), a malicious prosecution action in which defendant filed, then voluntarily dismissed, a suit to contest his father's will. Finding no evidence in the record "that there ever was any reason for defendant to believe that he had grounds to contest his father's will," the Court held that the voluntary dismissal was a favorable termination to plaintiff. MacDonald v. Joslyn, 275 Cal. App. 2d 282, 292, 79 Cal. Rptr. 707, 713 (1969). Indeed, the last of three firms defendant retained (within a span of less than six months) moved to withdraw because defendant had failed to provide them with any information that would support the contest. Id. Sunlan Corp. purchased the right to collect Plaintiff's debt from CashCall and had no reason to believe it was unenforceable. See also § III.B.2.b, infra.

Because the circumstances of the voluntary dismissal "leaves some doubt" as to Plaintiff's innocence or liability, the Court finds it is not a favorable termination, and she is therefore barred from bringing a malicious prosecution claim against Defendants. See Villa v. Cole, 4 Cal. App. 4th at 1335.

### b. Probable Cause

The second question is whether Plaintiff can demonstrate that Defendants brought the state suit without probable cause. "The probable cause inquiry is objective, asking whether a reasonable person would have thought that the claim was legally tenable 'without regard to [her] mental state.'" Estate of Tucker ex rel. Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1031 (9th Cir. 2008) (quoting Roberts v. Sentry Life Ins., 76 Cal. App. 4th 375, 382 (1999)). Defendants need not show that would have prevailed in the underlying action, only that filing suit was reasonable based on the facts they knew at the time.

Plaintiff admits that the premise of her RFDCPA claim is novel and "a case of first impression." Given that no debtor had ever argued that the loan was void for the reasons she now alleges, Defendants had no reason to believe the loan was unenforceable until Plaintiff filed this suit. The fact that Defendants obtained the debt from CashCall in exchange for good consideration further demonstrates their reasonable belief that it was collectable. As for the Sunlan defendants in

9

particular, all indications are that they reasonably relied in good faith on the advice of counsel. See Bisno v. Douglas Emmett Realty Fund 1988, 174 Cal. App. 4th 1534, 1544 (2009) ("Good faith reliance on the advice of counsel, after truthful disclosure of all the relevant facts, is a complete defense to a malicious prosecution claim."). The Court finds no reasonable probability Plaintiff can demonstrate Defendants lacked probable cause to bring the underlying suit.

### c. Malice

The third question is whether Defendants initiated the state suit with malice. Suits brought with an improper purpose constituting malice include those in which

> (1) the person initiating them does not believe that his claim may be held valid; (2) the proceedings are begun primarily because of hostility or ill will; (3) the proceedings are initiated solely for the purpose of depriving the person against whom they are initiated of a beneficial use of his property; (4) the proceedings are initiated for the purpose of forcing a settlement which has no relation to the merits of the claim.

Estate of Tucker, 515 F.3d at 1030 (quoting In Sierra Club Found. v. Graham, 72 Cal. App. 4th 1135, 1157 (1999)). Plaintiff contends that Defendants' malice falls within the last category – to force a settlement unrelated to the claim's merits. As an initial matter, there is nothing in the record suggesting the parties even broached the topic of settlement and no settlement was reached. After the entry of default was vacated, Defendants dismissed the suit even before Plaintiff was required to answer. The circumstances hardly demonstrate an effort to force a settlement.

As for the relationship of a settlement to the merits of Defendants' claims, the merits rest on was whether Plaintiff was liable for her debt. Apart from her tenuous argument that the debt became void and uncollectable, she does not dispute that she incurred the debt and failed to fulfill her repayment obligations, essentially conceding that Defendants had a valid collection claim. The Court finds no improper purpose behind Defendants' suit.

### C. Plaintiff's Motion For Discovery Under Federal Rule of Civil Procedure 56(d)

Plaintiff urges the Court "to allow [her] sufficient opportunity to conduct discovery or otherwise obtain and present facts essential to justify her opposition" before granting Defendants' motion. Mot. Disc. at. 1. In some cases, permitting plaintiff to take discovery to oppose an anti-SLAPP motion is appropriate, but this is not such a case. Plaintiff's probability of prevailing on her

1  RFDCPA and malicious prosecution claims rests on questions of law.[7] Even if the malice element

2  of the latter claim is somewhat fact-specific, the favorable termination and probable cause elements

3  are legal questions, the answers to which are fatal to Plaintiff's claim. The Court can and will rule on

4  the motion to strike at this stage of the case.[8] Accordingly, Plaintiff's Rule 56(d) motion is denied.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Strike Plaintiff's RFDCPA and malicious prosecution claims and DENIES Plaintiff's Motion for Discovery.

**IT IS SO ORDERED.**

Dated: October 18, 2013



CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[7] See, e.g., Agnir v. Gryphon Solutions, LLC, 12-CV-04470-LHK, 2013 WL 4082974 (N.D. Cal. Aug. 9, 2013) (granting anti-SLAPP motion and denying plaintiff's application for Rule 56(d) discovery because "the Court's anti-SLAPP ruling is premised on the legal insufficiency of Agnir's pleadings. As a result, further facts would not alter the Court's analysis, much less prove 'essential to justify' Agnir's opposition, as required by Rule 56(d)."); Nicosia v. De Rooy, 72 F. Supp. 2d 1093, 1111 (N.D. Cal. 1999) (denying request for discovery to respond to anti-SLAPP motion, finding that "[a]s Nicosia's allegations of malice fail to state a claim, any evidence presented to support such allegations, would not bring Nicosia any closer to establishing a prima facie case of malice.").

[8] See Do v. Hollins Law, P.C., 3:13-CV-01322-JSW, 2013 WL 4013659 (N.D. Cal. Aug. 5, 2013) (construing anti-SLAPP motion as it would a motion to dismiss under Rule 12(b)(6) because the question of plaintiff's ability to prevail on his RFDCPA claim presented only legal issues. In contrast, "if a defendant challenges a plaintiff's failure to submit evidence on his or her claim, courts should treat the motion as one for summary judgment under Rule 56 and, if necessary, permit the plaintiff to conduct discovery.");